# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK ANTHONY GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-558-F |
| ) | |
| JOHN WHETSEL, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, it is recommended that the action be dismissed upon filing as to Defendant John Whetsel and that Plaintiff be required to file an amended complaint in which "John Doe" is identified.

Plaintiff is an Oklahoma inmate who is currently housed at the James Crabtree Correctional Center. Complaint, 1. He alleges that on January 9, 2011, he was attacked and bitten several times by an Oklahoma City Police Department K-9 unit following a car chase. Complaint, 2, Ex. 1. In Count I, Plaintiff alleges that he was subjected to cruel and unusual punishment in violation of his Eighth Amendment right. Complaint, 3. In Count II, he argues that his Sixth Amendment and due process rights were violated when the Oklahoma County Jail administrative personnel hindered his attempts to exhaust his administrative remedies. Complaint, 3, 5. Plaintiff names as Defendants John Whetsel, who he identifies

as the Sheriff of Oklahoma County and "head reviewing authority, and John Doe, who he identifies as the K-9 officer who instructed the dog to attack him. Complaint, 1-2.

## I. INITIAL SCREENING STANDARD

In any action filed by a person proceeding in forma pauperis, 28 U.S.C. § 1915(e) obligates a court to "dismiss the case at any time if the court determines that . . . the action or appeal: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." See also 28 U.S.C. § 1915A. A suit "is frivolous where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989). Section 1915(e) review of a complaint for failure to state a claim focuses on "plausibility in the complaint." Carson v. Tulsa Police Department, No. 07-5030, 266 Fed. Appx. 763, 765 (10th Cir. Feb. 21, 2008) (quotation and alteration omitted) (applying plausibility standard set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007), to review the dismissal of a complaint pursuant to § 1915(e)).[1] "The complaint must plead sufficient facts, that when taken as true, provide 'plausible grounds' that 'discovery will reveal evidence' to support plaintiff's allegations." Gann v. Cline, 519 F.3d 1090, 1092 (10th Cir. 2008) (quoting Twombly, 550 U.S. at 556). In reviewing the sufficiency of the complaint, the factual allegations are broadly construed, presumed as true, and read in the light most favorable to the plaintiff. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). However, the "broad reading" of pro se complaints "does not relieve the plaintiff of the

---

[1]This and any other unpublished dispositions are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110. The Court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997).

**II. DISCUSSION**

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009) (quoting Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997)). Here, Plaintiff has failed to allege any personal involvement by Defendant Whetsel. As stated above, Plaintiff's claims arise from an alleged attack by an Oklahoma City Police Department K-9 unit. Plaintiff does not allege that Defendant Whetsel instructed the K-9 unit to attack him, and he does not otherwise claim that Defendant Whetsel was in any way involved in the attack. Indeed, such a claim would be unlikely since Defendant Whetsel is the Sheriff of Oklahoma County, which is a separate entity from the Oklahoma City Police Department. Further, to the extent Plaintiff is claiming that Defendant Whetsel violated his constitutional rights in hindering his ability to exhaust his administrative remedies, that claim also fails because Plaintiff has failed to show any personal participation on the part of Defendant Whetsel. See Gallagher, 587 F.3d at 1069 ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."). Accordingly, the undersigned finds that this action should be dismissed on filing as to Defendant Whetsel.

The only remaining Defendant then is Defendant John Doe, the K-9 officer who

allegedly instructed the dog to attack Plaintiff. "While a plaintiff can sue unnamed defendants, the plaintiff must provide a description sufficient to identify those involved so process can eventually be served." Frischenmeyer v. Buffington, No. 98-2109, 1998 WL 777382, at *2 (10th Cir. Nov. 4, 1998); see also Roper v. Grayson, 81 F.3d 124, 126 (10th Cir. 1996) ("Courts have generally recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served."). Accordingly, the undersigned recommends that Plaintiff be required to file an amended complaint on or before August 15, 2011, in which he identifies the "John Doe" Defendant. The undersigned notes that while Plaintiff will not be able to identify Defendant John Doe through formal discovery, other documents, such as the police report, likely contain Defendant John Doe's name.

## RECOMMENDATION

For the reasons set forth above, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE** as to Defendant John Whetsel for Plaintiff's failure to allege any personal action on Defendant Whetsel's part. It is further recommended that Plaintiff be required to file an amended complaint on or before August 15, 2011, in which he identifies the "John Doe" Defendant. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by August 2, 2011, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both

factual and legal issues contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation does not dispose of all issues referred to the Magistrate Judge in this matter.

**ENTERED this 13th day of July, 2011.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE