## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK ANTHONY GARCIA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-11-558-F |
| JOHN WHETSEL, et al., | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Currently before the Court is the Special Appearance and Motion to Dismiss of Lt. Don Evans. Plaintiff has not responded to Lt. Evans' motion, and the time for Plaintiff to do so has passed. Local Civil Rule 7.1(g). Thus, the motion is at issue and ready for disposition. For the reasons set forth herein, it is recommended that the motion be granted and the action be dismissed as to Lt. Don Evans.

In an amended complaint filed on August 31, 2011, Plaintiff alleges that his constitutional rights were violated on or about January 9, 2011, when two Oklahoma City police officers allowed a police dog to attack him and bite him while he was in police custody. Amended Complaint, 2. Named as Defendants are Officer Dan Evans and Sgt. Keega Burris, whom Plaintiff identifies as being with the Oklahoma City Police Department K-9 unit. Amended Complaint, 2. However, in completing the request for issuance of

summons and the summons, Plaintiff listed "Don Evans" as the Defendant rather than "Dan Evans." Pro Se Litigant's Request for Issuance of Summons [Doc. No. 11]. Although not served with summons, Lt. Don Evans of the Oklahoma City Police Department has specially appeared and moves for dismissal under Federal Rule of Civil Procedure 12(b)(2), (4), (5), and (6) because he is not the proper or intended defendant. Motion to Dismiss, 1, 3.

In his motion, Lt. Don Evans states that there is a Sgt. Dan Evans who is in the K-9 division of the Oklahoma City Police Department and Sgt. Evans is one of the officers who participated in the pursuit and arrest of the Plaintiff on January 9, 2011. Motion to Dismiss, 2. Lt. Evans further states that he is a lieutenant in the burglary division of the Oklahoma City Police Department and that he had no involvement in the arrest of the Plaintiff. Motion to Dismiss, 2. Lt. Evans' attorney represents that she has spoken to Sgt. Dan Evans, who is aware of this lawsuit and that he is willing to execute a waiver of service. Motion to Dismiss, 3.

A complaint should be dismissed under Rule 12(b)(6) where the complaint fails to include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). A court considering the sufficiency of a complaint still must "accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007) (quoting Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002)). While a court may normally not consider matters

outside the pleadings when ruling on a motion to dismiss under Rule 12(b)(6), an exception to this general rule is that the court may consider matters of which it may take judicial notice. Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010) (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)). A court may of course take judicial notice of filings in the case before it, and thus, it is proper for the Court to consider the amended complaint, the request for issuance of summons and request for waiver of service in ruling on the motion to dismiss. See Guttman v. Khalsa, ___ F.3d ___, 2012 WL 76055, at *22 n.5 (10th Cir. Jan. 11, 2012).

The undersigned finds that Lt. Don Evans should be dismissed as he is neither the proper nor intended party in this lawsuit. While the Court must liberally construe a pro se complaint, Kay, 500 F.3d at 1218, the undersigned agree with Lt. Don Evans that "a 12(b)(6) motion should be granted if a pro se plaintiff has sued the wrong party" since in such a case, "the plaintiff cannot prevail against that defendant under any set of facts." Orr v. Diamond, No. 07-1695, 2007 WL 1959050, at *1 (E.D. La. June 28, 2007) (citing Pryor v. Wolfe, No. 05-21067, 196 Fed. Appx. 260 (5th Cir. Aug 22, 2006) and Pierce v. Odyssey Healthcare, Inc., No. 06-0561-WS-B, 2007 WL 686616 (S.D. Ala. Mar. 2, 2007)).[1]

The undersigned further finds that after reviewing the amended complaint, the intended Defendant is Sgt. Dan Evans. Sgt. Dan Evans is aware of this lawsuit and is willing to execute a waiver of service. Motion to Dismiss, 3. Thus, it is further recommended that

---

[1] This unpublished disposition is cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Plaintiff be required to submit a corrected request for issuance of summons and summons listing Dan Evans as the proper Defendant within ten days of any order adopting this Report and Recommendation.

### RECOMMENDATION

For the reasons stated above, it is recommended that Lt. Don Evans' motion to dismiss be **GRANTED** and Don Evans be **DISMISSED WITH PREJUDICE**. The United States Marshal should make no further attempts to serve Don Evans. It is further recommended that the Plaintiff be required to submit a corrected request for issuance of summons and the summons listing "Dan Evans" as the proper Defendant within ten days of any order adopting this Report and Recommendation. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 16, 2012, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter, as Plaintiff's claims against Defendants Dan Evans and Keega Burris will remain if this Report and Recommendation is adopted.

**ENTERED this 27th day of January, 2012.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE