IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MARK ANTHONY GARCIA,          )
                              )
         Plaintiff,           )
                              )
v.                            )   Case No. CIV-11-558-F
                              )
JOHN WHETSEL, *et al.*,       )
                              )
         Defendants.          )

**REPORT AND RECOMMENDATION**

The Court should revoke leave to proceed *in forma pauperis*.

When the action began, the Plaintiff was housed at the James Crabtree Correctional Center. In light of his incarceration, the Court granted pauper status and ordered installments on the filing fee. Mail sent to Mr. Garcia at the James Crabtree Correctional Center has been returned, marked "Returned to Sender, Not at this Institution." His current whereabouts are unknown. Thus, the Court ordered the Plaintiff to provide current information on his financial condition and warned that failure to comply could result in revocation of pauper status.[1] Mr. Garcia has not complied with the order to furnish additional financial information, and his deadline expired two weeks ago.

---

[1] Doc. 23.

"Leave to proceed without prepayment of fees and costs is a privilege, not a right."[2] Thus, when circumstances change, a court must determine whether the plaintiff retains eligibility for pauper status.[3]

When the action began, the Plaintiff was unable to pay the filing fee because he was incarcerated and unable to work outside of the prison. He apparently is no longer incarcerated or otherwise unable to earn an income.

The Court has a continuing duty to ensure the Plaintiff's eligibility for pauper status.[4] However, the Court has been unable to fulfill this duty because Mr. Garcia has disobeyed the order to supplement information about his financial condition.

With violation of the order, the Plaintiff has continued to enjoy pauper status without oversight. In these circumstances, the Court should revoke pauper status and order Mr. Garcia to pay the remainder of the filing fee within 21 days.[5]

---

[2]  *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) (citation omitted).

[3]  *See Treff v. Galetka*, 74 F.3d at 197 ("when a litigant's financial condition improves during the course of the litigation, the district court may require him or her to pay fees and costs" (citations omitted)); *see also Young v. Knight*, 113 F.3d 1248, 1997 WL 297692, Westlaw op. at 1 (10th Cir. June 5, 1997) (unpublished op.) ("waiver of the initial partial filing fee . . . does not relieve plaintiff of his obligation to pay the partial fee at such time as his resources permit"); *accord Prade v. Jackson & Kelly*, 941 F. Supp. 596, 597 n.1 (N.D. W.Va. 1996) (stating that the court can dismiss the proceeding or require payment of the filing fee if the plaintiff obtains pauper status and his economic status improves during the pendency of the action), *aff'd*, 135 F.3d 770 (4th Cir. Feb. 24, 1998) (unpublished op.).

[4]  *See supra* p. 2.

[5]  *See* LCvR 3.3(e).

"Leave to proceed without prepayment of fees and costs is a privilege, not a right."[2] Thus, when circumstances change, a court must determine whether the plaintiff retains eligibility for pauper status.[3]

When the action began, the Plaintiff was unable to pay the filing fee because he was incarcerated and unable to work outside of the prison. He apparently is no longer incarcerated or otherwise unable to earn an income.

The Court has a continuing duty to ensure the Plaintiff's eligibility for pauper status.[4] However, the Court has been unable to fulfill this duty because Mr. Garcia has disobeyed the order to supplement information about his financial condition.

With violation of the order, the Plaintiff has continued to enjoy pauper status without oversight. In these circumstances, the Court should revoke pauper status and order Mr. Garcia to pay the remainder of the filing fee within 21 days.[5]

---

[2]  *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) (citation omitted).

[3]  *See Treff v. Galetka*, 74 F.3d at 197 ("when a litigant's financial condition improves during the course of the litigation, the district court may require him or her to pay fees and costs" (citations omitted)); *see also Young v. Knight*, 113 F.3d 1248, 1997 WL 297692, Westlaw op. at 1 (10th Cir. June 5, 1997) (unpublished op.) ("waiver of the initial partial filing fee . . . does not relieve plaintiff of his obligation to pay the partial fee at such time as his resources permit"); *accord Prade v. Jackson & Kelly*, 941 F. Supp. 596, 597 n.1 (N.D. W.Va. 1996) (stating that the court can dismiss the proceeding or require payment of the filing fee if the plaintiff obtains pauper status and his economic status improves during the pendency of the action), *aff'd*, 135 F.3d 770 (4th Cir. Feb. 24, 1998) (unpublished op.).

[4]  *See supra* p. 2.

[5]  *See* LCvR 3.3(e).

The Plaintiff may object to this report and recommendation by July 9, 2012.[6] To do so, the Plaintiff must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma.[7] If the Plaintiff fails to timely object, he would waive his right to appellate review over the suggested ruling.[8]

This report terminates the referral. If the Plaintiff pays the remainder of the filing fee within 21 days of the district judge's order, the undersigned would suggest a new referral for further proceedings.

Entered this 20th day of June, 2012.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[6]   *See* LCvR 72.1; Fed. R. Civ. P. 6(a)(1)(C), 6(d).

[7]   *See* 28 U.S.C. § 636(b)(1).

[8]   *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).